The TRAVELERS INDEMNITY COMPANY, et al.,
Respondents,

v.

BLOOMINGTON STEEL & SUPPLY COMPANY, et al., Defendants,

Jose Padilla, Appellant.

No. A04–1713.

Court of Appeals of Minnesota.

May 3, 2005.

Bethany K. Culp, Duana J. Grage, Holly J. Tchida, Hinshaw & Culbertson, LLP, Minneapolis, MN, for respondents.

Charles D. Slane, Terry & Slane, PLLC, Bloomington, MN, for appellant.

Considered and decided by SHUMAKER, Presiding Judge, TOUSSAINT, Chief Judge; and DIETZEN, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant Jose Padilla contests the district court's grant of declaratory relief with respect to an insurance policy issued by respondents to a company wholly owned by an individual who assaulted appellant. The district court granted respondents' motion for summary judgment, finding that a policy exclusion applied and no indemnification would be required in an underlying civil suit. We affirm the district court's judgment.

## FACTS

Appellant Jose Padilla worked for a company that shared a common work area with Bloomington Steel, a corporation wholly owned by Cecil Reiners since 1991. On October 18, 2000, Reiners confronted Padilla twice about distracting Bloomington Steel's workers. The men argued, and Reiners picked up a two-by-four and struck Padilla on the head, causing serious injuries. Reiners was charged with first-degree assault. He ultimately pleaded guilty after the original jury verdict was vacated on appeal because of the district court's denial of Reiners's peremptory challenge to a prospective juror. *State v. Reiners*, 664 N.W.2d 826, 835 (Minn.2003).

In an underlying civil action, Padilla sought damages from Reiners and Bloomington Steel on theories of assault and battery, respondeat superior, and negligent retention and supervision. Respondents Travelers Indemnity Company and The Charter Oak Fire Insurance Company (hereinafter collectively referred to as "Travelers") defended Bloomington Steel, but reserved the right to deny coverage for damages under Bloomington Steel's liability insurance policy.

Travelers brought the present action in district court, seeking a declaratory judgment under Minn.Stat. § 555.01 (2002) that Travelers has "no obligation to indemnify Bloomington Steel in the Underlying Action." Bloomington Steel and Padilla (as an assignee of Reiners and Bloomington Steel) filed separate motions seeking dismissal of Travelers' action and a declaratory judgment that Travelers was obligated to indemnify Bloomington Steel. The district court denied the defendants' motions, and granted the motion of Travelers, stating that it did "not have to provide coverage to Bloomington Steel for any damages" because the assault was expected from the standpoint of Bloomington Steel and thus fell under the insurance policy's expected-acts exclusion. Padilla alone appeals from the declaratory judgment.

## ISSUE

Did the district court err by granting declaratory judgment that the assault was an expected act from the standpoint of the insured and thus excluded under the insurance policy?

## ANALYSIS

Construction of an insurance policy is a question of law reviewed de novo. *Auto–Owners Ins. Co. v. Todd*, 547 N.W.2d 696, 698 (Minn.1996). Summary judgment is appropriate where, based on the pleadings, discovery and other documentation, there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. The parties agree that the material facts are not in dispute.

Travelers issued commercial insurance policies to Bloomington Steel providing

general liability and excess liability (umbrella) coverage, which included the payment of damages for bodily injury. But the policies excluded coverage for bodily injury "expected or intended from the standpoint of the insured." To determine whether Reiners's assault of Padilla was "expected" from Bloomington Steel's standpoint, the district court cited the following test: "For the purposes of an exclusionary clause in an insurance policy the word 'expected' denotes that the actor knew or should have known that there was a substantial probability that certain consequences will result from his actions." *Am. Family Mut. Ins. Co. v. M.B.*, 563 N.W.2d 326, 328 (Minn.App.1997) (quoting *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386, 1391 (8th Cir. 1996)), *review denied* (Minn. July 28, 1997). "For substantial probability to exist, 'the indications must be strong enough to alert a reasonably prudent man not only to the possibility of the results occurring but the indications also must be sufficient to forewarn him that the results are highly likely to occur.'" *M.B.*, 563 N.W.2d at 328. (quotation omitted).

Citing Reiners's extensive history of violence on the job—including Padilla's own allegations that Reiners assaulted and threatened other employees and damaged vehicles and equipment—the district court concluded that Bloomington Steel knew or should have known that an assault was highly likely. Analogizing to the circumstances in *M.B.*, wherein a company president's awareness of her employee's behavior precluded coverage, *id.* at 327, the district court stated that "knowledge on the part of a company's sole owner, director, and operator of his own violent tendencies makes his own assault 'expected' under the Insurance Policy exclusion."

■ Padilla contends that the district court erred by placing the burden on the

defendants to prove the existence of an exclusion. *See Amos v. Campbell,* 593 N.W.2d 263, 266 (Minn.App.1999) (placing the burden on the insurer to establish the applicability of an exclusion, which is strictly interpreted against the insurer). But "[i]f the insurer demonstrates the applicability of an exclusion, *then the insured bears the burden of proving an exception to the exclusion." Id.* (emphasis added). The district court expressly stated that Travelers had demonstrated the applicability of an exclusion under its policy with Bloomington Steel, and at that point the burden properly shifted to Padilla to show an exception to the exclusion.

■ Padilla also argues that the district court erred by applying the objective test of *M.B.*, stating that Minnesota courts have adopted a stricter standard for determining when an injury is expected from the standpoint of the insured. Padilla asserts that *Domtar v. Niagara Fire Ins. Co.*, 563 N.W.2d 724 (Minn.1997), provides the proper test to determine whether Bloomington Steel should have expected the assault of Padilla by Reiners:

> For [comprehensive general liability] policies, this court has interpreted the meaning of "expected" damage to require a certainty of harm on the part of the insured greater than general standards of foreseeability used to impose liability on the insured. In explaining the high degree of certainty demanded, we have also equated "expected" damage with "reckless" conduct. Of course, this standard does not preclude the use of circumstantial evidence or proof of willful blindness, but it is the insured's actual expectation of damage that allows a defense to coverage.

*Id.* at 735 (citing *Continental Western Ins. Co. v. Toal,* 309 Minn. 169, 176, n. 3, 244 N.W.2d 121, 125, n. 3 (1976); *Bituminous Cas. Corp. v. Bartlett,* 307 Minn. 72, 77–79,

240 N.W.2d 310, 313–14 (1976); *Ohio Cas. Ins. Co. v. Terrace Enters., Inc.,* 260 N.W.2d 450, 452–53 (Minn.1977)).

Because we find this distinction unavailing to Padilla's argument, we decline to reach the issue of which is the applicable test. Even applying the *Domtar* standard, Bloomington Steel must be held to have expected the damages resulting from Padilla's injuries. The commingled identity of Reiners and Bloomington Steel permits no other rational result. And while we have found no authority under the law to impute intent to Bloomington Steel for the acts of Reiners, we are persuaded as a matter of law, given Reiners's lengthy record of violent behavior, that Bloomington Steel's ongoing placement of Reiners in situations where that violence could be triggered was "reckless" under the subjective standard provided by *Domtar*.

Padilla also advances two arguments that are not relevant to this appeal: (1) "Travelers erroneously contends that Bloomington Steel and Cecil Reiners are one and the same" and (2) "The terms of the policy require that the coverage applies separately to each insured and as if they were the only insured." These arguments are not relevant to Padilla's appeal because the district court clearly agreed with Padilla:

> The "Separation of Insureds" clause contained in the Insurance Policy controls the Court's analysis in this case and requires it to consider whether the assault on Padilla was "expected or intended" from the standpoint of each insured. Since the parties agree that the exclusion applies to Reiners, the dispositive question becomes whether Bloom-

ington Steel "expected or intended" the assault on Padilla to occur.

Viewing the assault from the standpoint of Bloomington Steel and in light of Minnesota law, the district court determined that "knowledge on the part of a corporate entity that one of its employees might engage in particular conduct triggers the applicability of an expected act exclusion."

While Padilla may have properly characterized aspects of Travelers' argument to the district court, he appeals from the district court's judgment and not from Travelers' motion. The record reveals that the district court distinguished between Bloomington Steel and Reiners for the purpose of construing the insurance policy's coverage of Padilla's bodily injury. That distinction is further emphasized by the district court's selection of the verb "expected" rather than "intended," given that Reiners, as an individual, pleaded guilty to an *intentional* offense. *See* Minn.Stat. § 609.02, subd. 10 (2002) (defining "assault" as intentional).

## DECISION

The district court did not err in its determination that the assault on appellant was an expected act from the standpoint of the insured and that respondent insurers were thus not required to provide coverage for damages.

**Affirmed.**